IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABELLA WINNETKA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 07 C 6633 |
| THE VILLAGE OF WINNETKA and DOUGLAS WILLIAMS, | ) ) ) | Judge Kendall |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 26(d) MOTION TO INITIATE AND ACCELERATE DISCOVERY

NOW COME the Defendants, THE VILLAGE OF WINNETKA (hereinafter referred to as "THE VILLAGE") and DOUGLAS WILLIAMS (hereinafter referred to as "WILLIAMS"), by and through their attorneys, MULHERIN, REHFELDT AND VARCHETTO, P.C., and for their Response to Plaintiff's Rule 26(d) Motion to Initiate and Accelerate Discovery, state as follows:

### BACKGROUND

On November 26, 2007, the Plaintiff, LaBella Winnetka, Inc. filed a Complaint alleging four Counts against THE VILLAGE and WILLIAMS. The Counts alleged are as follows: Damages for Violation of Equal Protection; Damages for Deprivation of Substantive Due Process; that the Village Willfully Breached Duties Owed to LaBella; and that the Village Intentionally Interfered with LaBella's Lease and Its Prospective Restaurant Business.

The Plaintiff leased the premises at issue, the repairs of which are the subject of the Complaint, from Lars Nilsson of Winnetka, Illinois. The Plaintiff has alleged that the landlord of the premises, Lars Nilsson, hired a roofing contractor

1

to repair the roof of the premises. Further, the Plaintiff alleges that the actions of the roofing contractor hired by Lars Nillson caused fire damage to the roof of the premises at issue on February 28, 2007.

To date, Defendants' Responsive Pleading to Plaintiff's Complaint is not yet due. Notwithstanding, Plaintiff has filed a Rule 26(d) Motion to Initiate and Accelerate Discovery.

**A.    BASED UPON THE FACT THAT THE DEFENDANTS' RESPONSIVE PLEADING IS NOT YET DUE, INITIATION AND ACCELERATION OF DISCOVERY IS IMPROPER.**

"A defendant has the right, under Rule 12(b) F.R.Civ.P., to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures." Greene v. Emersons, Ltd., 86 F.R.D. 66, 73 (S.D.N.Y. 1980). "If a district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997).

The Defendants in the instant matter intend to file a Motion to Dismiss in response to Plaintiff's Complaint. As such, the principles applied in Chudasama v. Mazda Motor Corporation apply in the present case. In Chudasama, the court held that the district court's decision to compel discovery was an abuse of discretion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). Specifically, the court held that facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should be resolved before discovery begins. Id. at 1367. The

court in Chudasama went on to state that since such a dispute always presents a purely legal question, neither the parties nor the court have any need for discovery before the court rules on the motion. Id.  Further, the court stated that "delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." Id. at 1368.  Similarly, in Wood v. McEwen, 644 F.2d 797 (9th Cir. 1981), the court held that the district court did not abuse its discretion in issuing a protective order staying discovery, pending ruling on the defendants' motion to dismiss.  Wood v. McEwen, 644 F.2d 797, 800 (9th Cir. 1981).

Therefore, the Defendants in the instant matter must be allowed to respond to Plaintiff's Complaint prior to the initiation, much less acceleration, of discovery in the instant matter.  The Defendants will be severely prejudiced in the event this Honorable Court forces them to participate in and accelerate discovery where their responsive pleading to the Complaint is not even due, much less adjudicated.

**B.   THE PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE TO INITIATE AND ACCELERATE DISCOVERY PROCEDURES PRIOR TO A RULE 26(f) CONFERENCE.**

The Court may alter the timing, sequence and volume of discovery; however, "a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." Qwest Commun. Intl. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D.Colo.2003).  In Qwest Communication

International v. WorldQuest Networks, Inc., the plaintiff sought expedited discovery to determine whether to seek preliminary injunctive relief. Id. The court stated that the plaintiff's original complaint did not seek preliminary injunctive relief, and denied the plaintiff's motion for expedited discovery because the plaintiff failed to establish the requisite standard of good cause for expedited discovery. Id. at 420.

Courts have held that the good cause standard is satisfied in cases where a preliminary injunction is sought, or where the movant has asserted claims of infringement and unfair competition. Id., See also Semitool, Inc. v. Tokyo Electron American, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Here, the Plaintiff has failed to cite **any** case law or make **any** argument in support of its position that the Plaintiff has met the requisite standard for good cause. Further, the Plaintiff has not claimed infringement or unfair competition, and is not seeking a preliminary injunction.

Thus, the Plaintiff has failed to satisfy the requisite standard of good cause in order to initiate and accelerate discovery prior to a Rule 26(f) conference.

C. **THE INITIATION AND ACCELERATION OF DISCOVERY AS PROPOSED BY PLAINTIFF WILL SEVERELY PREJUDICE THE DEFENDANTS.**

The Plaintiff has filed a Complaint consisting of four Counts against Defendants and is claiming, against both Defendants, compensatory damages in an amount no less than $2,000,000.00, and punitive damages in an amount no less than $5,000,000.00. If this Honorable Court were to grant Plaintiff's Rule 26(d) Motion to Initiate and Accelerate Discovery, the Defendants would be

severely prejudiced. To order completion of Rule 26(a)(1) initial disclosures, issuance of interrogatories and document requests, service of subpoenas on non-parties and depositions of persons with knowledge of the facts and circumstances, both before and after the alleged incident of February 28, 2007, within the 60 day time period as the Plaintiff has proposed, would deprive the Defendants of full and fair discovery, completed within a reasonable period of time.

Moreover, although the incident at issue allegedly occurred on February 28, 2007, the Plaintiff did not file suit against the Defendants until November 26, 2007 to file its Complaint. As such, the Plaintiff cannot now rightfully demand initiation of discovery prior to a Rule 26(f) Conference and acceleration of discovery procedures.

WHEREFORE, the Defendants, THE VILLAGE OF WINNETKA and DOUGLAS WILLIAMS, respectfully request that this Honorable Court deny Plaintiff's Rule 26(d) Motion to Initiate and Accelerate Discovery for the reasons stated herein.

Respectfully Submitted,

s/ Kathleen A. Reid
Kathleen A. Reid, One of the Attorneys for
Defendants, THE VILLAGE OF WINNETKA and
DOUGLAS WILLIAMS

Prepared by:
**Mulherin, Rehfeldt & Varchetto, P.C.**
211 South Wheaton Avenue
Suite 200
Wheaton, Illinois 60187
(630) 653-9300

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2007, I electronically filed the foregoing Response to Plaintiff's Rule 26(d) Motion to Initiate and Accelerate Discovery, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Dean A. Dickie
**Dykema Gossett, PLLC**
10 South Wacker Drive
Suite 2300
Chicago, IL  60606
(312) 627-2149
Fax: (866) 546-9546
Email:  ddickie@dykema.com

Lee T. Hettinger
**Dykema Gossett, PLLC**
10 South Wacker Drive
Suite 2300
Chicago, IL  60606
(312) 876-1700
Email:  lhettinger@dykema.com

Sara C. Arroyo
**Dykema Gossett, PLLC**
10 South Wacker Drive
Suite 2300
Chicago, IL  60606
(312) 627-5600
Email:  sarroyo@dykema.com

s/ Kathleen A. Reid