Civil Action Cover Sheet - Case Initiation                                                                 (Rev. 2/8/06) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LaBella Winnetka, Inc., an Illinois Corporation,
v.
Winnetka II, LLC, BJB Partners, LLC, et al.

No.

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrativepurposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. ONLY ONE (1) CASE TYPE MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand ☒ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below\*\*)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

(FILE STAMP)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☑ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below\*\*)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below\*\*)*
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

\*\*

By: _____ (signature)
(Attorney)                (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Firm ID 42297

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LaBELLA WINNETKA, INC., an Illinois Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WINNETKA II, LLC; BJB PARTNERS, LLC; BJB PARTNERS LLC d/b/a BJB COMMERCIAL DEVELOPMENT, BJB NORTH SHORE, and OAK I EVANSTON LLC; JOSEPH SLEZAK, individually; JAMES PURCELL, individually; AVONDALE ROOFING, INC., and GENERAL CASUALTY COMPANY OF ILLINOIS, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT AT LAW

Plaintiff LaBella Winnetka, Inc., by and through its attorneys, Dykema Gossett PLLC, for its complaint against Winnetka II, LLC, BJB Partners, LLC, BJB Partners LLC d/b/a/ BJB Commercial Development, BJB North Shore, and Oak I Evanston LLC, Joseph Slezak, James Purcell, Avondale Roofing, Inc. and General Casualty Company of Illinois, states as follows:

## INTRODUCTION

## PARTIES

1. Plaintiff LaBella Winnetka, Inc. (hereinafter "Plaintiff" or "LaBella") is an Illinois corporation with is principal place of business located in Winnetka, Cook County, Illinois. LaBella is in the business of operating a restaurant with authentic Italian cuisine and has been one of Chicagoland's finest Italian restaurants for the past fourteen years.

2. Defendant Winnetka II, LLC ("Winnetka II") is an Illinois limited liability company with its principal place of business in Park Ridge, Cook County, Illinois. On

information and belief, it is the owner of the building in which LaBella is located and is LaBella's Lessor.

3. Defendant BJB Partners, LLC ("BJB"), on information and belief, is an Illinois limited liability company with its principal place of business in Park Ridge, Cook County, Illinois. It owns, directs and/or controls Winnetka II, the Lessor to LaBella, and it does business through entities known as BJB Commercial Development, BJB North Shore and Oak I Evanston LLC ("Oak I").

4. Defendant Joseph Slezak ("Slezak") is an Illinois resident who is an owner, employee and/or agent of Winnetka II, the Lessor to LaBella, and an owner of BJB.

5. Defendant James Purcell ("Purcell") is an Illinois resident who is an owner, employee and/or agent of Winnetka II, the Lessor to LaBella, and an owner of BJB.

6. At all times material, Winnetka II, BJB, Slezak, and Purcell (collectively the "Lessor Defendants"), and, at material times, BJB Commercial Development, BJB North Shore and Oak I, have transacted business with the Plaintiff in Cook County, Illinois.

7. Defendant Avondale Roofing, Inc. ("Avondale") is a roofing contractor incorporated in Illinois with its principal place of business in Northbrook, Illinois and doing business in Cook County, Illinois.

8. Defendant General Casualty Company of Illinois ("General Casualty") is an insurance company doing business in Cook County, Illinois. Its principal place of business in Illinois is in Freeport, Illinois, and at all relevant times, General Casualty was licensed by the State of Illinois to enter into insurance policies with insureds located in Cook County, Illinois.

## FACTUAL BACKGROUND

### THE LEASE

9.  On May 6, 1993, a Store Lease (the "Lease") agreement was entered into to lease certain property (the "Premises") at One Chestnut Court in Winnetka, Illinois 60093, and later 505 Chestnut Street, Winnetka Illinois, 60093. A copy of the Lease is attached as Exhibit A. Thereafter, the Lease was extended from time to time, and it remains in effect to and including July 31, 2008.

10. LaBella has always been and continues to be the lessee of the Premises pursuant to the Lease, and has paid rent to the applicable lessors for over fourteen years.

11. After a several changes in ownership of the building in which LaBella is located, the Lessor became and was at all relevant times Winnetka II.

12. Subsequent to the execution of the Lease, Rider 2 of the Lease was executed, which provides in material part as follows:

> "5.  Lessor covenants at its expense to keep the foundations and roof of the premises and the structural soundness of the concrete floors and exterior walls thereof, in good order, repair and condition."

13. Rider 2 provides further that its terms control over the terms of the Store Lease.

14. Since May 6, 1993, Plaintiff has at all times material continuously operated LaBella Winnetka, an Italian restaurant, at the Premises. The Premises is for a particular section of a multi-use commercial building. LaBella is, and at all times material, has been operated by Marianne and George Gigiolio. Marianne Gigiolio is the sole shareholder of LaBella.

15. LaBella has operated successfully throughout its fourteen years in the Premises, becoming a well-known and well-respected restaurant with a favorable reputation in the Winnetka community, attracting guests nationwide. LaBella has made all rent payments, when

rent payments were in fact due, for the duration of the Lease and has complied with all the terms of the Lease.

## THE FIRE

16. On or about February 28, 2007, the Lessor Defendants retained the services of Avondale to repair the roof above the Premises.

17. The repair work was required by the Village of Winnetka and performed at the direction of a representative of the Village of Winnetka because of the defective condition of the roof.

18. On information and belief, the Lessor Defendants had prior problems with the workmanship of Avondale before they *again* retained the services of Avondale to repair the roof above the Premises. The Lessor Defendants knew or should have known that repair of the roof involved dangerous activities including the use of torches and/or other dangerous tools and equipment, and that Avondale's activities in repairing the roof required care and supervision because this work involved risks to the soundness of the roof and walls of the structure which housed LaBella's restaurant.

19. At all times material, the Lessor Defendants, on information and belief, knew or should have known that Avondale did not have the skill or ability to perform the repair of the roof above LaBella in a workmanlike manner and that Avondale would perform the work "on the cheap."

20. On February 28, 2007, Avondale sent a single employee to repair the roof over the Premises. This employee negligently used a torch and/or other dangerous tools and equipment to perform repairs on the roof of the Premises without proper supervision. As a result of the Avondale employee's negligence, this employee set the roof over the Premises on fire.

21. As a result of the fire, the roof covering the dining area of the LaBella restaurant was greatly damaged, and the interior of the Premises was also damaged, thereby depriving the Plaintiff of the use and quiet enjoyment of the Premises and forcing LaBella to close its Italian restaurant until such time as the roof could be restored, repaired and/or replaced. The Lessor Defendants knew at all times following the fire that LaBella's ability to repair its restaurant and reopen for business was completely dependent upon the roof being repaired and put in good order by the Lessor Defendants.

22. At all times material, it was the obligation of the Lessor Defendants to repair and restore the roof and put it in good order and condition in compliance with the Lease and Rider 2 of the Lease and consistent with the requirements of the Village of Winnetka. Until and unless the roof was restored as required by the Village of Winnetka, LaBella was prohibited from repairing its restaurant so it could reopen to the public, and it was deprived of the quiet enjoyment of the Premises.

**FAILURE TO REPAIR ROOF**

23. Thereafter, the Lessor Defendants took no action to repair and replace the roof above the Premises and they refused and failed to put the roof in good order so the Plaintiff could reopen its restaurant in the Premises.

24. Rather, the Lessor Defendants asserted that the fire, caused by their own negligence and the negligence of Avondale, served as the basis for cancellation of the Lease.

25. As a result of the negligent conduct of Avondale and the Lessor Defendants in setting the roof on fire, and the willful and intentional conduct of the Lessor Defendants in failing to repair the roof timely and in a commercially reasonable manner as required by the Lease, and their unlawful assertion that the fire served as a basis for terminating the Lease,

Plaintiff has been deprived of the use and quiet enjoyment of the Premises, has been forced to close its restaurant, and has suffered substantial damages.

## COUNT I – NEGLIGENCE

### AVONDALE

26. Plaintiff re-alleges paragraphs 1 through 25 of the Introduction as paragraph 26 of this Count I.

27. At all times material, Avondale owed a duty of care to the Plaintiff to repair the roof in a safe and reasonable manner and not to do so in a dangerous and careless manner.

28. In the repair of the roof, Avondale failed to act reasonably and with care when it sent a single employee to perform repairs on the roof above the Premises and allowed this employee to use a torch and/or other dangerous tools and equipment on the roof above the Premises without supervision and without the issuance of any permits to perform repairs to the roof.

29. As a result of Avondale's failure to act reasonably and with care, its employee carelessly and negligently set the roof on fire through the improper use of a torch and/or other dangerous tools and equipment. The fire caused damage to the roof and the structure housing the LaBella restaurant, and the roof is not and has not been in good order and condition as a result of the fire caused by Avondale's negligence.

30. Avondale's negligence in setting the roof on fire breached the duty of care owed to the Plaintiff by Avondale.

31. As a result of Avondale's negligence in setting the roof above the Premises on fire, the Plaintiff has been unable to operate its restaurant, has suffered damage to its property, has suffered lost income from the operation of its business, and suffered a significant diminution in the value of its business.

Wherefore, the Plaintiff prays for entry of judgment in its favor against Avondale for an amount greater than $30,000, for its costs, and for such further relief as this Court deems appropriate.

## COUNT II - NEGLIGENCE

## WINNETKA II, BJB, SLEZAK, AND PURCELL

32. Plaintiff re-alleges paragraphs 1 through 25 of the Introduction as paragraph 32 of this Count II.

33. At all times material, the Lessor Defendants, as landlord of the Premises, owed a duty of care to the Plaintiff, their lessee, to undertake work on the roof over the LaBella restaurant in a safe and reasonable manner, including but not limited to selection of a roofing contractor to perform dangerous roof repair work in a reasonable and careful manner.

34. Prior to February 28, 2007, on information and belief, the Lessor Defendants experienced problems with the workmanship of Avondale. The Lessor Defendants knew that repair of the roof involved dangerous work, including the use of torches and/or other dangerous tools and equipment. They also knew or should have known from their prior dealings with Avondale that the repair work was not likely to be done reasonably, carefully or in a workmanlike manner.

35. On February 28, 2007, in an attempt to fix the roof as inexpensively as possible, and without taking into consideration the precautions, skills and supervision required to repair the roof in a safe and reasonable manner, the Lessor Defendants contracted with Avondale in such a manner as to have but one employee from Avondale work on site to repair the roof over the Premises.

36. In retaining a company with whom it had prior problems regarding workmanship and allowing a single employee, under its control and authority, to attempt to repair the roof over

the Premises through the dangerous and unsupervised use of a torch and/or other dangerous tools and equipment, the Lessor Defendants were careless and negligent.

37. The Lessor Defendants' careless and negligent selection of Avondale to perform work on the roof which they knew or should have known was dangerous, and their delegation of this dangerous work to Avondale without proper supervision and direction, breached the duty of care owed to the Plaintiff by the Lessor Defendants.

38. As a result of the Lessor Defendants' negligent hiring of Avondale to repair the roof over the Premises and their negligent delegation of this work to Avondale without proper supervision which resulted in Avondale negligently causing a fire on the roof over the Premises, the Plaintiff has been unable to operate its restaurant, has been deprived of the quiet enjoyment of the Premises, has suffered damage to its property, has suffered lost income from the operation of its business, and has suffered a significant diminution in the value of its business.

Wherefore, the Plaintiff prays for entry of judgment in its favor against all Lessor Defendants for an amount greater than $30,000, for its costs, and for such further relief as this Court deems appropriate.

## COUNT III - BREACH OF LEASE - FAILURE TO REPAIR THE ROOF
### WINNETKA II, BJB, SLEZAK, AND PURCELL

39. Plaintiff re-alleges paragraphs 1-25 of the Introduction as paragraph 39 of this Count III.

40. At all material times the Lease and Rider 2 of the Lease provided, in material part, that the Lessor Defendants were required at all times and at their expense to keep the roof above the Premises in good order, repair and condition.

41. Following the fire on the roof over the Premises which occurred on February 28, 2007, the Lessor Defendants knew that LaBella could not operate its restaurant business and

could not reopen unless and until the roof was repaired promptly and in good order as required by the Village of Winnetka. They also knew that they were required by the terms of the Lease to restore, repair and/or replace the roof at their expense.

42. Thereafter, in direct violation and breach of the Lease and Rider 2 of the Lease, the Lessor Defendants failed and refused to repair the roof timely and thereby prevented the Plaintiff from reopening and operating the LaBella restaurant business in the Premises.

43. As a direct result of the Lessor Defendants' breach of the Lease, by its intentional failure to repair the roof promptly and in good order, Plaintiff has (i) been deprived of the quiet enjoyment of the Premises, (ii) been unable to reopen its restaurant, (iii) suffered the loss of its personal property, (iv) lost profits from operation of the restaurant, and (v) suffered a significant diminution in the value of its business.

Wherefore, the Plaintiff prays for entry of judgment in its favor against all Lessor Defendants for an amount greater than $30,000, for its costs, and for such further relief as this Court deems appropriate, including punitive damages for the Lessor Defendants' intentional, willful and malicious conduct in failing and refusing to repair the roof, thereby preventing LaBella from reopening its restaurant.

## COUNT IV - BREACH OF LEASE - WRONGFUL TERMINATION
## WINNETKA II, BJB, SLEZAK, AND PURCELL

44. Plaintiff re-alleges paragraphs 1 through 25 of the Introduction, and paragraphs 39 through 43 of Count III as paragraph 44 of this Count IV.

45. At all material times the Lease and Rider 2 of the Lease provided, in material part, that the Lessor Defendants were to keep the roof above the Premises in good order, repair and condition at their expense.