IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABELLA WINNETKA, INC., <br><br>        Plaintiff, <br><br>v. <br><br>THE VILLAGE OF WINNETKA, et al., <br><br>        Defendants. | Case No.: 07 C 6633 <br><br> Judge Kendall |

## PLAINTIFF'S SURREPLY BRIEF

The defendants, Village of Winnetka ("Village") and Douglas Williams ("Williams") claim that the Complaint alleges "a series of misfortunes," and that "LaBella lays its woes" at the door of the Village and Williams. LaBella Winnetka, Inc. ("LaBella") is not in the business of "laying woes." LaBella presents a serious dispute because it is without its award-winning restaurant, without any income and on the verge of financial ruin, through no fault of its own, because of the alleged actions of the defendants which have effectively destroyed its business.

### The Requirements of Rule 12(b)(6)

The Village and Williams state that LaBella accuses them of "failing to credit the allegations of the Complaint as much as they should at the motion to dismiss stage." That is correct, and they continue to dispute these allegations rather than accepting them as true.

The defendants contend that it is appropriate to consider LaBella's State court complaint on a Rule 12(b)(6) motion.  However, in footnote 3 of *Limestone Development Corporation v. LeMont*, 473 F. Supp. 2d 858, 867-68 (N.D. Ill. 2007), the court specifically limited the use of pleadings from other cases. Thus, the use of LaBella's State court complaint is not appropriate here where the defendants' motion and memorandum (p. 7) dispute the allegations in LaBella's State court complaint which asserts that LaBella's lease remains in full force and effect.

The defendants' motion attaches some Village ordinances in an attempt to dismiss LaBella's Complaint at the pleading stage, and the defendants contend that on Rule 12(b)(6) LaBella is required to search the Village's web page to locate additional ordinances. The defendants are simply incorrect and the cases relied upon are not as advertised. The ordinances relied upon by the Village merely provide that the Village can delegate additional powers to the Village manager but are not

exhaustive of the powers granted to him. Furthermore, the Reply attaches yet another ordinance which shows that additional powers can even be delegated to the Director of Community Development. The matter now before this Court, however, is not a Rule 56 motion for summary judgment. Given the nature and extent of the allegations, LaBella is entitled to take discovery to obtain all applicable Village ordinances, to identify all of the policies and practices by which the Village conducts its business, and to discover the Village Council's actions delegating powers to the Village manager and other Village officials relating to enforcement of the Village's ordinances, codes and laws. Moreover, the Complaint specifically alleges that the Village Council approved all the actions alleged in the Complaint (paragraph 28). That allegation for purposes of the instant Motion to Dismiss must be accepted as true by the Court.

Although the defendants now rely upon the *Kincaid* case to assert the Tort Immunity Act, such reliance is misplaced as the *Kincaid* court limited its consideration of that Act to a statute of limitations issue. There is no similar issue here, and the Tort Immunity Act is inapposite as application of the Act necessarily involves questions of fact which are not appropriate on a Rule 12(b)(6) motion. Moreover, the Complaint alleges that Williams caused or participated in the constitutional deprivations based on his special relationship with "Friends of Doug" ("FODs") and that he also met with others to prevent LaBella from reopening (*see* paragraphs 24 through 27). The Complaint clearly alleges a direct causal connection and affirmative link between Williams' misconduct and those restaurants in his individual capacity, and are sufficient to state a cause of action against him individually. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

### Equal Protection Claim

The defendants also rely on *Indiana State Teachers Association v. Board of School Commissions*, 101 F.3d 1179 (7th Cir. 1996) in their Reply. There, the Seventh Circuit referred to *Ciechon* and *Esmail* as support for class of one equal protection claims. Those cases, cited by LaBella, teach that such a claim can be brought to protect against allowing the government targeting a hapless individual, firm or other entity for unfavorable treatment which is precisely what is alleged here. *Id.* at 1181-1182. In *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001), the Court also recognized that an individual states an equal protection claim if he can show that state

government took an action that "was a spiteful effort to get him for reasons wholly unrelated to any legitimate state objective" or "when a powerful public official picks on a person out of shere vindictiveness." It is clear that the Complaint complies with the requirements of these cases, and properly alleges a class of one equal protection claim against the Village and Williams for the arbitrary, capricious, and malicious enforcement of Village ordinances to harm LaBella which were unrelated to any legitimate Village objective.

The defendants attempt to narrow the comparables by misconstruing the allegations in the Complaint.[1] Here, Count I alleges that the defendants have selectively and arbitrarily enforced ordinances to the detriment of LaBella, before and after the fire, thereby rendering LaBella unable to continue its lawful profitable business. Indeed, by refusing to allow it to reopen, even partially after the fire based on the defendants' first-time enforcement of a Village ordinance while permitting other similarly-situated restaurants to stay open despite their non-compliance with Village ordinances relating to health and safety matters, the Village is guilty of the most egregious form of targeted discrimination. It must also be noted that LaBella's restaurant is immediately adjacent to Corner Cooks, and LaBella has an area of its restaurant which is not below the fire damaged roof. Yet the Village and Williams arbitrarily and vindictively refused to allow LaBella to partially reopen in that area while at the same time permitting Corner Cooks to open a new facility in that same adjacent space.

Defendants' Reply includes several references to the *McDonald v. Winnetka* case which was cited initially but never discussed. In *McDonald,* the plaintiff claimed that he was denied equal protection because the Winnetka Fire Department failed to rule out "rekindle" before deeming the second fire at his home an arson. The Seventh Circuit first noted that a motion to dismiss was denied, but the trial court granted summary judgment to the defendants after extensive discovery. The Court pointed out the plaintiff's failure of proof because the Fire Department "<u>did</u> rule out

---

[1] Defendants ignore the basic principal that the Complaint is to be read liberally when deciding a Rule 12(b)(6) motion relating to a class of one equal protection claim. *Anderson v. Village of Oswego*, 2000 WL 1139921 (N.D. Ill.) (class of one complaint is to be read liberally at the allegation stage); *Leonard's Linen Service v. City of Bloomington*, 2007 WL 925546 (S.D. Ind.) (complaint sufficient to support equal protection claim under *Olech* when examined in light most favorable to plaintiff); *Meer v. Graham*, ____ F. Supp. 2d ____, 2007 WL 2908822 (N.D. Ill.) (motion to dismiss denied where complaint adequately stated equal protection claim based on illegitimate animus).

rekindle;" comparables did not involve rekindle; the investigations went back twenty years; no one was treated differently; and there was no evidence of discrimination. The *McDonald* decision came after plaintiff was given the opportunity to prove its allegations. This case is at the pleading stage, and it is clear that LaBella's Complaint includes numerous allegations that LaBella was similarly situated to Corner Cooks, Jerry's, O'Neil's, Little Ricky's, and other restaurants in Winnetka, and that the defendants discriminated against LaBella by a widespread policy and practice of selective enforcement of ordinances to force it out of business while permitting other restaurants ("FODs") to operate even though they were in violation of Village ordinances. The *McDonald* case is simply not on point and therefore, unpersuasive.

The defendants' reliance on *Chicago Board of Realtors, Inc. v. Chicago* for "rationality" is not relevant because it involves legislative enactments, and the arguments made by the defendants on page 5 are inappropriate in the context of a Rule 12(b)(6). For example, the defendants refer to repairs, but they ignore the allegations in the Complaint that after the fire, the Village and Williams for the first time arbitrarily claimed that an entire new roof was needed, and they refused to permit LaBella to reopen unless the entire roof was replaced. The defendants also claim that the plumbing ordinance has nothing to do with work on the roof, but work on the roof involved drains which require permits under the plumbing code.

### Substantive Due Process

The defendants' Reply includes a discussion of the *DeShaney* case, and they also refer to the *Castle Rock* case. Both cases are distinguishable. *DeShaney* involved "suspicious circumstances" (p. 202) of abuse toward the child. In *Castle Rock*, the court held that the plaintiff had no protectable property right. Here, the Complaint alleges that LaBella had property rights and that the Village was actually informed of dangerous activities, was the appropriate entity to stop these dangerous activities, and intentionally ignored LaBella's warnings even though these dangerous activities were taking place right next door. The defendants also note that the Complaint alleges that the Village created a danger which is an exception to *DeShaney*, and they agree that claims involving physical safety and danger are the kind of cases which fall within the state created danger exception. Here the allegations of physical safety and danger to residents and employees in Count II

meet that exception to *DeShaney*, and accordingly are sufficient to state a cause of action for denial of substantive due process.[2]

### *Monell*

The defendants contend that the allegations are simply insufficient to state a cause of action against the Village. The *Monell* claims are subject to the same liberal pleading requirements of Rule 8(a)(2). The Complaint alleges in paragraph 28 that the Village Council knew and approved the discriminatory and spiteful treatment by Williams toward LaBella, and that although fully aware of the discriminatory, unconstitutional conduct, took no action to prohibit such conduct. The Complaint also alleges facts regarding a widespread practice of selective enforcement of ordinances by the Village and Williams, which if proven, are sufficient to allege the defendants' liability. Furthermore, defendants totally ignore the holdings in *Olech* (a one-time taking of as easement), *Ciechon* (a single disciplinary action), and *Esmail* (denial of a liquor license) and other equal protection cases in which the Supreme Court and the Seventh Circuit have found municipal liability based on specific acts of mistreatment of a class of one based on animus. The Complaint is clearly sufficient to allege a policy and practice of discriminatory conduct by the Village, Williams and other Village officials toward LaBella and in favor of other restaurants which are sufficient to meet the requirements for alleging municipal liability.[3]

### Conclusion

A Complaint in federal court need only satisfy a notice pleading standard and it is sufficient for the plaintiff to describe the claim with enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Company v. Twonbly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007); *Thayer v. Chiczewski*, 207 WL 3447931 (N.D. Ill.); *Farrell v. Harrington*, 2007 WL 30307026 (N.D. Ill.). Labella's Complaint complies with these requirements.

---

[2] The defendants also contend that *Parratt* precludes the claims in Count II but Count I alleges a denial of equal protection. This argument should be rejected.

[3] Williams is liable in his individual capacity, he is subject to punitive damages, and the Tort Immunity Act does not apply here (see pp. 2-3 above). The allegations of the Complaint in Counts III and IV are sufficient under Illinois law to state claims upon which relief can be granted. See paragraph 24E regarding tortuous interference with contract.

Dated: February 1, 2008 Respectfully submitted,

By: /s/Dean A. Dickie

One of the Attorneys for Plaintiff,
LABELLA WINNETKA, INC.

Dean A. Dickie, ARDC No. 0631744
Lee T. Hettinger, ARDC No. 0120639
Sara C. Arroyo, ARDC No. 6288962
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

**Certificate of Service**

I, Dean A. Dickie, hereby certify that on February 1, 2008, I electronically filed the foregoing **Plaintiff's Surreply Brief** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kathleen Ann Reid, Esq.
>Matthew Richard Schreck, Esq.
>Ray Hunter Rittenhouse, Esq.
>Sara Kathryn Forsmark, Esq.
>MULHERIN, REHFELDT & VARCHETTO, P.C.
>211 South Wheaton Avenue
>Suite 200
>Wheaton, IL 60187
>Tel: (630) 653-9300
>Fax: (630) 653-9316
>
>Katherine S. Janega, Esq.
>Village Attorney
>VILLAGE OF WINNETKA
>510 Green Bay Road
>Winnetka, IL 60093
>Tel: (847) 501-3180
>Fax: (847) 507-3180
>
>James A. Clark, Esq.
>SCHIFF HARDIN LLP
>6600 Sears Tower
>Chicago, IL 60606
>Tel: (312)258-5500
>Fax (312)258-5600

>/s/ Dean A. Dickie