IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABELLA WINNETKA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 6633 |
| THE VILLAGE OF WINNETKA and | ) | |
| DOUGLAS WILLIAMS, | ) | Judge Kendall |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |

**DEFENDANTS' SURREBUTTAL
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

| | | |
|---|---|---|
| Kathleen A. Reid | Katherine S. Janega | James A. Clark |
| Mulherin, Rehfeldt & | Village Attorney | Schiff Hardin LLP |
| Varchetto, P.C. | Village of Winnetka | 6600 Sears Tower |
| 211 S. Wheaton Avenue, #200 | 510 Green Bay Road | Chicago, Illinois 60606 |
| Wheaton, Illinois 60187 | Winnetka, Illinois 60093 | Tel.: (312) 258-5500 |
| Tel.: (630) 653-9300 | Tel.: (847) 716-3544 | Fax: (312) 258-5600 |
| Facsimile: (630) 653-9316 | Facsimile: (847) 501-3180 | jclark@schiffhardin.com |
| kreid@mrvlaw.com | kjanega@winnetka.org | |

Attorneys for Defendants
The Village of Winnetka and Douglas Williams

February 11, 2008

LaBella sought leave to file a Surreply brief on the ground that it needed to respond to 19 new cases cited in Defendants' Reply. But LaBella's Surreply hardly addresses these cases. Instead, it merely supplements LaBella's prior Response to the Defendants' Opening Brief: it responds for the first time to key cases cited in the Opening Brief, cites new cases, and embellishes and restates the arguments made in its Response. Yet even with this embellishment, LaBella still has not either demonstrated the sufficiency of its Complaint or answered the reasons why the Complaint should be dismissed. A few examples show why this is so.

- LaBella's Surreply continues to insist that pleading legal conclusions is enough to survive a motion to dismiss. For example, the Surreply merely asserts in footnote 3 that "the allegations of the Complaint in Counts III and IV are sufficient under Illinois law to state claims upon which relief can be granted." But this is exactly what the Supreme Court condemned in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007):

> [Surviving a motion to dismiss] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . [C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation.

*Id*. at 1965 (internal quotation marks omitted).

- This fundamental problem infects the entire Surreply. LaBella does not dispute that a class-of-one equal-protection claim requires allegations (1) that it was similarly situated to others yet treated differently, and (2) that the different treatment was irrational or arbitrary. But its Surreply once again simply asserts the conclusion that it meets the "similarly situated" element — without acknowledging the "identical in all relevant respects" requirement (*Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2005)) or pointing to any allegations showing

such identicality — as if repetition of this conclusion made it stronger.[1]  It does not.  The Supreme Court made clear in *Twombly* that it is not enough to plead the conclusory elements of a cause of action.  Beyond asserting the bare conclusion that other restaurants were "similarly situated," the complaint does not allege that any other restaurant experienced a similar situation (repairing a roof leak; reopening after a fire) making it identical in all relevant respects, yet experienced different treatment than LaBella.[2]

- LaBella's Surreply is equally empty when it comes to the "irrationality" requirement.  Even if LaBella's "similarly situated" allegations were adequate, it still must show that the defendants' conduct was irrational, and this too is properly considered at the motion to dismiss stage.  The law is that if any rational reason or motive for the complained-of conduct is even "imaginable," it is not irrational for class-of-one equal protection purposes.  *Lauth v. McCollum,*

---

[1] Two of the cases LaBella cites do not even address the "similarly situated" element, nor do they support LaBella's apparent notion that class-of-one plaintiffs are entitled to favorable inferences with nothing more than formulaic recitation of the elements.  *See Anderson v. Village of Oswego*, 109 F. Supp. 2d 930, 934-35 (N.D. Ill. 2000) (addressing only the sufficiency of *Monell* and animus allegations in complaint alleging municipality dismissed plaintiff in retaliation for his subpoenaed testimony in developer's successful land use case); *Meer v. Graham,* 524 F. Supp. 2d 1044, 1053 (N.D. Ill. 2007) (allegations of irrational and arbitrary actions in defendant's sudden dismissal of clinic director, along with allegations that defendant did not follow its own procedures and lied about reasons for sudden dismissal, were sufficient to state class-of-one claim).  A third case cited by LaBella (*Leonard's Linen Serv. v. City of Bloomington,* No. 1:06CV21-JDT-WTL, 2007 WL 925546 at *1, 3 (S.D. Ind. Mar. 26, 2007)) states that the complaint did not need to allege that the plaintiff was "similarly situated," but this decision relied on *Conley v. Gibson*'s mantra that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," and *Twombly* expressly overruled *Conley* on this point.

[2] LaBella argues that *McDonald v. Village of Winnetka*, 371 F.3d 992 (7th Cir. 2004), has no applicability because it was decided on summary judgment rather than on a motion to dismiss.  Surreply at 3-4.  But the legal standards for class-of-one equal-protection claims articulated in *McDonald* (and numerous other cases) are universal.  In *McDonald* the plaintiff made sufficient allegations that others were similarly situated, though the allegations fell apart upon factual scrutiny.  Here, there are not even any sufficient allegations.

424 F.3d 631, 634 (7th Cir. 2005).  As *Lauth* emphasized, "a class-of-one plaintiff must . . . 'negative any reasonably *conceivable* state of facts that could provide a rational basis for the classification,'" and "'[g]overnmental action only fails rational basis scrutiny if no sound reason for the action can be *hypothesized*.'"  *Id.*, quoting *Board of Trustees v. Garrett*, 531 U.S. 356, 367 (2001) and *Lamers Dairy, Inc. v. U.S. Dept. of Agriculture*, 379 F.3d 466, 473 (7th Cir. 2004) (emphases added).  LaBella argues only that this test cannot be applied on a Rule 12(b)(6) motion before discovery concerning Village ordinances.  Surreply at 1-2, 4.  This is flatly wrong on two levels.  First, the ordinances are publicly available laws, not facts requiring discovery.[3]  Second, the Seventh Circuit has held that, since any rational "hypothesis" for the challenged action is enough to defeat a class-of-one claim, and "hypothesis is not proof," the issue can be decided "in advance of discovery."  *Lauth,* 424 F.3d at 634.  Here, rational reasons for the defendants' actions — treating the roof leak as an "ordinary repair" requiring no building permit, and requiring repairs before the restaurant could reopen after a "major fire" causing "major damage to [LaBella's] roof" (see Complaint ¶ 21) — are certainly "imaginable."[4]

- LaBella argues that the Court cannot take judicial notice of its state-court complaint against its landlord and the roofer, invoking n.3 of *Limestone Devel. Corp. v. Village of Lemont,* 473 F. Supp. 2d 858, 868 n.3 (N.D. Ill. 2007).  Surreply at 1.  LaBella misconstrues *Limestone*, which expressly allows judicial "notice of a suit's filing" and the "plaintiff's allegations therein."  *Id.*  Here, the defendants have pointed to LaBella's suit against its landlord and the allegations therein that the landlord wrongly exercised the termination clause, just as *Limestone* allows.

---

[3] Indeed, LaBella could and should have investigated the ordinances as part of its Fed. R. Civ. P. 11 pre-filing investigation.

[4] The only thing that sounds irrational is what LaBella says the defendants should have done:  step in when it came to fixing a leak, but butt out when it came to major roof damage.

- LaBella's Surreply for the first time addresses the key due process decision, cited by the defendants in their opening brief, *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189 (1989). Surreply at 4-5. LaBella purports to distinguish *DeShaney* on the ground that the present case involves a dangerous situation (repairing a roof leak with hot tar and a torch) that defendants were aware of but ignored. But this is disingenuous. In *DeShaney* the child welfare officials knew of but ignored a dangerous situation (continuing child abuse that eventually resulted in coma and brain damage), yet the Supreme Court squarely held that such knowledge and inaction is insufficient to state a substantive due process claim. If *DeShaney* stated no due process claim, neither does LaBella. It is not enough for LaBella to argue that it had a "property right" in its lease (Surreply at 4), for *DeShaney* (and *Castle Rock*) show that, whatever right LaBella may have had vis à vis the landlord, it had no due process entitlement to have the government protect that right.

For the reasons stated here and in the defendants' previous briefs, the Motion to Dismiss should be granted, and the Complaint should be dismissed.

Date: February 11, 2008

                                        Respectfully submitted,

                                         /s/ James A. Clark
                                        One of the Attorneys for Defendants,
                                        The Village of Winnetka and Douglas Williams

| | | |
|---|---|---|
| Kathleen A. Reid | Katherine S. Janega | James A. Clark |
| Mulherin, Rehfeldt & Varchetto, P.C. | Village Attorney | Schiff Hardin LLP |
| 211 S. Wheaton Avenue, #200 | Village of Winnetka | 6600 Sears Tower |
| Wheaton, Illinois 60187 | 510 Green Bay Road | Chicago, Illinois 60606 |
| Tel.: (630) 653-9300 | Winnetka, Illinois 60093 | Tel.: (312) 258-5500 |
| Facsimile: (630) 653-9316 | Tel.: (847) 716-3544 | Fax: (312) 258-5600 |
| kreid@mrvlaw.com | Facsimile: (847) 501-3180 | jclark@schiffhardin.com |
| | kjanega@winnetka.org | |

## CERTIFICATE OF SERVICE

  I, James A. Clark, an attorney, certify that on Monday, February 11, 2008, a copy of the foregoing **Defendants' Surrebuttal In Support of Their Motion to Dismiss** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Dean A. Dickie
Dykema Gossett, PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 627-2149
Fax: (866) 546-9546
Email: ddickie@dykema.com

Lee T. Hettinger
Dykema Gossett, PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1700
Email: lhettinger@dykema.com

Sara C. Arroyo
Dykema Gossett, PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 627-5600
Email: sarroyo@dykema.com

                /s/ James A. Clark