IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABELLA WINNETKA, INC., | |
| Plaintiff, | Case No.:   07 CV 6633 |
| vs. | Judge Virginia Kendall<br>Magistrate Judge Cole |
| THE VILLAGE OF WINNETKA and DOUGLAS WILLIAMS, | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff LaBella Winnetka, Inc. ("LaBella"), by its attorneys, pursuant to Federal Rule of Civil Procedure 65, respectfully moves for entry of a preliminary injunction to enjoin defendant, Village of Winnetka (the "Village") and defendant Douglas Williams ("Williams") from attempting to cancel LaBella's Food Dealer License and its Retail Liquor License. In support of this motion, LaBella states as follows:

1. LaBella has filed a motion for leave to file an Amended Complaint. Count V of the Amended Complaint, if leave is granted, will allege a claim against the Village and Williams relating to their unlawful cancellation of LaBella's Food Dealer License and Retail Liquor License for its restaurant located in Winnetka, Illinois. These actions by the Village and Williams are in violation of the due process clause of the 14th Amendment.

2. In order to prevail on a motion for preliminary injunction, a party must show (1) it is reasonably likely to succeed on the merits, (2) it is suffering an irreparable harm that outweighs the non-movants harm if the injunction were granted, (3) there is no adequate remedy at law, and (4) an injunction would not harm the public interest. <u>Joelner v. Village of Washington Park</u>, 378 F.3d 613, 619 (7th Cir. 2004).

3. To demonstrate a reasonable likelihood of success on the merits, LaBella must show that its chance of prevailing is better than negligible. Kinsey v. Int'l. Union of Operating Engineers, 994 F.2d 1271, 1275 (7th Cir. 1993)  Inadequate remedy at law does not mean wholly ineffectual; rather the remedy must be seriously deficient as compared to the harm suffered by LaBella. Nano Proprietary, Inc. v. Keesmann, 2007 WL 43310 (N.D. Ill.)  In balancing the harms, the Court must weigh the error of denying a preliminary injunction to the party who would win the case on the merits against the error of granting an injunction to the party who would lose. Roland Machinery Co. v. Dresser Industries, 749 F.2d 380, 387-388 (7th Cir. 1984).

4. There exists a reasonable likelihood of success in this matter because the Village and Williams cancelled LaBella's Food Dealer License, without cause, without notice, and without a hearing in violation of Illinois law. Reed v. Village of Shorewood, 704 F. 2d 943 (7th Cir. 1983). The Village and Williams have purportedly cancelled LaBella's Retail Liquor License even though it does not expire until March 31, 2008, and LaBella has a right to renew it. The facts will show that LaBella first received these licenses from the Village in 1993, and that the Village has renewed LaBella's licenses every year for the past 14 years until these recent unlawful actions by the Village and Williams.

5. LaBella will suffer additional harm because the Village is currently proceeding as if this wrongful conduct never occurred.  In fact, they issued a liquor license to Corner Cooks and Jerry's Restaurant for the same location as LaBella's leasehold property, and thereafter, they purportedly cancelled LaBella's Retail Liquor License without notice, a hearing or cause.

6. LaBella has no other adequate remedy at law to rectify the damage this violation of their rights has caused and will cause.

- 3 -

7. In this case, LaBella is likely to succeed on the merits, has suffered an irreparable harm that outweighs the defendants' harm if the injunction is granted, LaBella has no adequate remedy at law, and an injunction would not harm the public interest.

WHEREFORE, for the above reasons, LaBella prays for entry of a preliminary injunction to enjoin the Village and Williams from cancelling LaBella's Food Dealer and its Retail Liquor License, and for such further relief as this Court deems appropriate.

Dated: March 11, 2008

Respectfully submitted,

By: Dean A. Dickie
One of the Attorneys for Plaintiff
LaBella Winnetka, Inc.

Dean A. Dickie, ARDC No. 0631744
Lee T. Hettinger, ARDC No. 1206397
Sara C. Arroyo, ARDC No. 6288962
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700